UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MISHA BLAKE,

     Plaintiff,

-VS-                                    CASE NO.:

GENERAL MOTORS
FINANCIAL COMPANY, INC.,

     Defendant

_____/

## **COMPLAINT**

COMES NOW Plaintiff, Misha Blake, by and through the undersigned counsel, and sues Defendant, GENERAL MOTORS FINANCIAL COMPANY, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## **INTRODUCTION**

1.    The TCPA was enacted to prevent companies like GENERAL MOTORS FINANCIAL COMPANY, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at

night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     Venue is proper in this District as Plaintiff resides within this District (Hillsborough County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, GENERAL MOTORS FINANCIAL COMPANY, INC. (hereinafter "GM Financial"), is a corporation with its principal place of business located at 801 Cherry St., Suite 3500, Fort Worth, TX.76102-6854 with its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     GM Financial called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times since February 1, 2015 in an attempt to collect a debt.

16.     GM Financial attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     GM Financial intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from GM Financial

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) ***-2817 and was the called party and recipient of Defendant's calls.

20.     Beginning on or about February 1, 2015, GM Financial began bombarding Plaintiff's cellular telephone (813) ***-2817 in an attempt to collect on a car loan.

21.     Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number several times a day from approximately February 1, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

22.     On or about February 2015 Plaintiff requested that the calls to her cell phone cease.  The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the collection calls.

23.     Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after approximately February 2015, were done so after she had revoked consent.

24.     The auto dialer calls from Defendant came from the telephone numbers including but not limited to (704) 632-6046, and when that number is called, a pre-recorded voice or a representative answers and identifies the company as "GM Financial".

25.     Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

26.     The Plaintiff received an estimated 80 calls from the Defendant between the time she initially revoked her consent to be called in February 2015 and the filing of this law suit.

27.     GM Financial has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     GM Financial has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or GM Financial to remove the number.

29.     GM Financial's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to GM Financial. they wish for the calls to stop.

30.     GM Financial has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     GM Financial has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32.     GM Financial has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33.     GM Financial's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

34.     GM Financial has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35.     Not a single call placed by GM Financial to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36.     GM Financial willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

38.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     GM Financial willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified GM Financial that she wished for the calls to stop.

40.     GM Financial repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice

without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C §
227(b)(1)(A)(iii).

    **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and
judgment against GENERAL MOTORS FINANCIAL COMPANY, INC. for statutory damages,
punitive damages, actual damages, treble damages, enjoinder from further violations of these
parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

    41.    Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven
(37) as if fully set forth herein

    42.    At all times relevant to this action GM Financial is subject to and must abide by
the laws of the State of Florida, including Florida Statute § 559.72.

    43.    GM Financial has violated Florida Statute § 559.72(7) by willfully
communicating with the debtor or any member of his or her family with such frequency as can
reasonably be expected to harass the debtor or his or her family.

    44.    GM Financial has violated Florida Statute § 559.72(7) by willfully engaging in
other conduct which can reasonably be expected to abuse or harass the debtor or any member of
his or her family.

    45.    GM Financial's actions have directly and proximately resulted in Plaintiff's prior
and continuous sustaining of damages as described by Florida Statute § 559.77.

    **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and
judgment against GENERAL MOTORS FINANCIAL COMPANY, INC. for statutory damages,
punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations

of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,


/s/Frank H. Kerney, III, Esquire
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff